**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Elaine Greene,** ) | **CASE NO. 1:11 CV 1311** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **United States Department of Justice,** ) | |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

*Pro se* Plaintiff Elaine Greene filed this *Bivens*[1] action against the United States Department of Justice. In the Complaint, Plaintiff contends the Department of Justice used electronic devices to monitor her movements. She seeks $500,000,000.00 in damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## BACKGROUND

Plaintiff's Complaint is very disjointed and at times incoherent. She contends that the Defendant is using electronic devises attached to wires on the utility poles outside of her residence to monitor her movements. She believes these devices are also attached to her automobile and to

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

her telephone. Plaintiff asserts violation of her constitutional rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-[D]efendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### ANALYSIS

Plaintiff asserts a claim for monetary damages for violation of her civil rights. Because the Constitution does not directly provide for damages, Plaintiff must select a cause of action which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other remedy appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under *Bivens*.

A *Bivens* claim, however, cannot be brought against the United States government or any of its agencies. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). *Bivens* provides a cause of action against individual federal officers who are alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). The United States government has not waived sovereign immunity to allow *Bivens* claims to be asserted against its agencies. *Id*; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities). The claims against the United States Department of Justice are dismissed.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/18/11